IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

RODERICK DEON BLACKMON,          *
#163 861
      Petitioner,                  *

        v.                       *          2:04-CV-278-MEF
                                                 (WO)
STEPHEN BULLARD, *et al.*,        *

      Respondents.                 *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

_____This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on March 11, 2004 by Petitioner Roderick Blackmon ["Blackmon"].  On February 7, 2002 he entered a guilty plea to reckless murder in the Circuit Court for Montgomery County, Alabama.  The trial court sentenced Blackmon to life in prison. He did not appeal his conviction and sentence. (Doc. No. 6, Exh. A.)

      Blackmon filed a Rule 32 petition on March 21, 2003.  He argued that the trial court lacked jurisdiction to accept his guilty plea to reckless murder because the factual basis for the plea was insufficient and because his counsel was ineffective by allowing him to plead guilty without a sufficient factual basis. The trial court denied the petition on July 21, 2003 without holding an evidentiary hearing.  The state court found that the factual basis for

Blackmon's plea was sufficient and that his counsel did not render ineffective assistance. (*See* Doc. No. 6, Exh. A at pgs. 72-75.)

On December 19, 2003 the Alabama Court of Criminal Appeals affirmed the lower court's decision finding that Blackmon failed to preserve his sufficiency claim for appellate review and that he did not receive ineffective assistance of counsel.  The appellate court overruled Blackmon's application for rehearing on January 16, 2004, and the Alabama Supreme Court denied his petition for writ of certiorari on March 12, 2004.  (*See Id.*, Exhs. A-F.)

Blackmon filed a second Rule 32 petition on June 30, 2004 and filed an amendment thereto on August 11, 2004.  He argued that he was actually innocent and should be allowed to withdraw his guilty plea and that trial counsel was ineffective for failing to object to prosecutorial misconduct and for failing to challenge the sufficiency of the evidence. The trial court denied the post-conviction petition on November 12, 2004.  The Alabama Court of Criminal Appeals affirmed the trial court's decision on April 22, 2005.  (Doc. No. 19, Exh. A.)

In his petition filed  March 11, 2004, Blackmon presented  the  following claims for relief:

1.  The trial court did not have jurisdiction to accept his guilty plea and his guilty plea was void because the factual basis may support intentional murder;

2.  Trial counsel rendered ineffective assistance because he failed to challenge the sufficiency of the evidence.

In an amended  petition filed on December 27, 2005 Blackmon presented the following additional claims:

1.  He should be allowed to withdraw his guilty plea because he is actually innocent;

2.  He should be allowed to withdraw his guilty plea because he is legally and factually innocent;

3.  Trial counsel was ineffective for failing to object to prosecutorial misconduct; and

4.  Trial counsel was ineffective for failing to challenge the sufficiency of the evidence.

(Doc. Nos. 1, 17.)


## II.  DISCUSSION

### A.  Exhaustion of State Remedies

Under *Rose v. Lundy*, 455 U.S. 509, 510 (1982), before a Petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court.  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim.  *O'Sullivan v. Boerckel*, 526 U. S. 838 (1999); 28 U.S.C. §2254(b) and (c).  In Alabama, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction

proceedings.  Exhaustion is not required if, at the time a federal habeas corpus petition is filed, petitioner has no available state remedy.  *Teague v. Lane*, 489 U. S. 288, 297-98 (1989).  For the purposes of federal habeas review, Blackmon has exhausted his state court remedies.

**B.  Disposition of Claims**

In their answer, Respondents maintain that Blackmon's claim that trial counsel was ineffective for failing to challenge the sufficiency of the factual basis for his guilty plea  was properly adjudicated on the merits by the state courts.  *See Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). They assert that Blackmon's contention that the trial court lacked jurisdiction to accept his guilty plea because the factual basis for the plea was insufficient is procedurally defaulted. In their supplemental answer filed in response to Blackmon's amended petition, Respondents contend that Blackmon's claim that counsel was ineffective for failing to object to prosecutorial misconduct is untimely and does not relate back to Blackmon's original ineffectiveness claim  because it is of a different type.  *See Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).  To the extent Blackmon's allegation that he should be allowed to withdraw his guilty plea may be construed as an allegation that his guilty plea was involuntary and not entered knowingly and intelligently, Respondents assert that the claim is similarly time-barred.   (*See* Doc. Nos. 6, 19.)

4

Blackmon responded to the Respondents' contentions. (*See* Doc. Nos. 12, 21, 24.) After reviewing the § 2254 petition, Respondents' answer and supplemental answer , and Blackmon's responses, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied and/or denied as untimely in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

### C.  Standard of Review

To prevail on his § 2254 ineffective assistance of counsel claim, Blackmon must show that a decision by the Alabama state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) & (2);[1] *see Williams*, 529 U.S. at 412-13.

---

[1]28 U.S.C. § 2254(d) provides that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim:

(1)      resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or

(2)      resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Id*. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11th Cir. 2001) (*citing Williams*, 529 U.S. at 409). It is the objective reasonableness, not the correctness *per se*, of the state court decision that this court must decide. *See Williams*, 529 U.S. at 411.

A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." *Lindh v. Murphy*, 96 F.3d 856, 876-77 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). Further, a state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "However, the statutory presumption of correctness applies only to findings of fact made by

6

the state court, not to mixed determinations of law and fact." *Parker*, 244 F.3d at 835 (*citing*

*McBride v. Sharpe*, 25 F.3d 962, 971 (11th Cir. 1994)).


### 1.    Elements of Ineffective Assistance of Counsel

The Alabama Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S.

668 (1984) in affirming the lower court's decision with respect to Petitioner's claim of

ineffective assistance of counsel. (Doc. No. 6, Exh. D, pgs. 3-4.)    *Strickland* sets forth the

clearly established federal law on this issue.  Thus, this court will determine whether the state

courts' rejection of Blackmon's claims of ineffective assistance of counsel "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. §

2254(d)(1).

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair

trial.  Petitioner must satisfy the requirements of a two-pronged test to prevail on his claims

of ineffective assistance of counsel.  First, a Petitioner must establish that his attorney's

performance "fell below an objective standard of reasonableness." *Strickland* 466 U.S. at

688.  "The proper measure of attorney performance remains simply reasonableness under

prevailing professional norms." *Id*.  Once this threshold test is met, the petitioner must then

show that the deficient performance of his counsel prejudiced his defense. *Id*. at 687.  To

establish prejudice, Petitioner is required to show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Unreliability or unfairness does not result if counsel's ineffectiveness does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams*, 529 U.S. at 393 n. 17. There is a strong presumption that counsel's performance was reasonable and adequate and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Any review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel based on facts "as they were known to counsel at the time of the representation." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992).

In the guilty plea context, a modified *Strickland* test is used, namely, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 US. 52, 59 (1985). Counsel owes a lesser duty to a client who enters a plea than to one who decides to go to trial; when a plea is entered, counsel need only provide his client with an understanding of the law in relation to the facts, so that the defendant may make an informed and conscious choice between entering the plea and proceeding to trial. *Wofford v. Wainwright,* 748 F.2d 1505, 1508 (11th Cir.1984). To be entitled to collateral relief, a

defendant must "prove serious derelictions on the part of counsel sufficient to show that his plea was not, after all, a knowing and intelligent act." *McMann v. Richardson,* 397 U.S. 759, 774 (1970).

### 2.    Analysis in This Case

The state courts did not decide Blackmon's claim of ineffective assistance of counsel "differently than [the Supreme] Court has [in a case based] on a set a of materially indistinguishable facts" nor did the state court apply a rule that contradicts governing federal law.  *Williams*, 362 U.S. at 412.  Consequently, the state appellate court's rejection of the ineffective assistance of counsel claim was not contrary to actual Supreme Court decisions.

This court must therefore determine whether the Alabama Court of Criminal Appeal's decision to reject the ineffective assistance of counsel claim was an unreasonable application of the *Strickland* standard.

> In determining whether the state court's decision is an unreasonable application of the law set out in [applicable] Supreme Court decisions, we need not decide whether we would have reached the same result as the state court if we had been deciding the issue in the first instance.  Instead, we decide only whether the state court's decision of the issue is objectively unreasonably.  *See Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 1522, 146 L.Ed.2d 389 (2000) ("Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."); *Brown v. Head*, 272 F.3d 1308, [1313] (11th Cir. 2001)("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").

*Wright v. Secretary for the Dept. of Corrections*, 278 F.3d 1245, 1256 (11th Cir. 2002).

Blackmon argues that trial counsel performed deficiently when counsel allowed him to enter a guilty on an insufficient factual basis.  Although the Alabama Court of Criminal Appeals found the underlying sufficiency claim had not been preserved for appellate review, it noted that the trial court, in denying Blackmon's Rule 32 petition, found sufficient evidence to support Blackmon's reckless murder conviction.[2]  (Doc. No. 6, Exh. D at pgs. 2-3.)  As a result, it determined that counsel could not be found to have rendered ineffective assistance (*Id*. at pg. 3.)  The Alabama Court of Criminal Appeals also held that its presumption that trial counsel's representation was sufficient and that counsel  provided Blackmon with effective representation was supported by the record.  (*Id*. at pg. 4.) It further found that Blackmon "presented no factual evidence to show otherwise."  (*Id*.)

---

[2]Specifically, the appellate court noted:

The court found that the proffer of evidence provided by the State, coupled with the statements of the petitioner, provided sufficient evidence to support a plea of guilty to reckless murder.  Even though Blackmon attempted to impeach the plea colloquy by arguing that trial counsel made reference to the doctrine of "transferred intent," the trial court found that Blackmon could still be found guilty of murder because he intended to cause the death of another person and he engaged in conduct which created a grave risk of death under circumstances which manifested extreme indifference to human life.  The trial court went further to state that, even though there may have been disputed fact or alternative interpretations of facts regarding petitioner's subjective intent, the evidence was nonetheless sufficient to support Blackmon's plea to the charge of reckless murder.

(Doc. No. 6, Exh. D at pg. 2.)

The record in this case rebuts Blackmon's claim of ineffective assistance of counsel. There is no showing that the actions of trial counsel unduly prejudiced Blackmon's decision to plead guilty. (*See* Doc. No. 6, Exh. A at pgs. 23-40.) Accordingly, Blackmon has failed to show the harm necessary to his claim of ineffectiveness and has, therefore, failed to establish that trial counsel provided ineffective assistance. *Strickland*, 466 U.S. at 687-688; *Hill*, 474 U.S. at 58-59.

Based on the foregoing, the state court's rejection of Petitioner' ineffective assistance of counsel claim was objectively reasonable. *See Williams v. Taylor, supra.* This decision was similarly a reasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2). Consequently, Blackmon is not entitled to habeas relief on his claim of ineffective assistance of counsel.

**D.    *Void Indictment***

Blackmon argues that the trial court lacked jurisdiction to accept his guilty plea because his indictment was void where "the factual basis may support intentional murder but reckless murder is not a lesser included offense of murder."  (Doc. No. 1 at pg. 6.) The sufficiency of a state indictment or information is not a basis for federal habeas relief unless the indictment is so defective that it deprives the state court of jurisdiction. *Yohey v. Collins,* 985 F.2d 222, 228 (5th Cir. 1993); *Denton v. Duckworth,* 873 F.2d 144, 149 (7th Cir. 1989) (due process requires that a criminal defendant receive "notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge.").

11

A claim of insufficiency of the indictment provides a basis for federal habeas relief only when the indictment is so defective that under no circumstances could a valid state conviction result from proving the facts alleged. *Morlett v. Lynaugh,* 851 F.2d 1521, 1523 (5th Cir. 1988); *see generally Bordenkircher v. Hayes,* 434 U.S. 357, 364 (1978) ("[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion").

Blackmon was charged in a two count indictment.[3] Count I charged:

RODERICK DEON BLACKMON, alias . . .

whose name is otherwise unknown to the Grand Jury, did recklessly engage in conduct which manifested extreme indifference to human life and created a grave risk of death to a person other than the said Roderick Deon Blackmon, alias and/or an accomplice, and did thereby cause the death of another person, to-wit: Eric Ray by shooting him with a gun, in violation of Section 13A-6-2 of the Code of Alabama, against the peace and dignity of the State of Alabama.

(Doc. No. 6, Exh. A at pg. 20.)  The language tracked the language of the statute and was, therefore, sufficient.  Blackmon's deficient information argument fails.

**E.  Procedural Default**

Respondents argue that Blackmon's claim that the trial court lacked jurisdiction to accept his plea because the factual basis for the plea was insufficient is procedurally barred

---

[3]The State moved to nolle pros Count II which charged Blackmon with intentional murder.  (Doc. No. 6, Exh. A at pg. 24.)

from review by this court.   In support of this argument, Respondents content that this claim was not presented to the state courts in accordance with the state's procedural rules. *See Harris v. Reed*, 489 U.S. 255 (1989);  *Atkins v. Singletary*, 965 F.2d 952, 956 (11th Cir. 1992).

This court may reach the merits of Blackmon's procedurally defaulted claim only if he shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or  (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims.  *Schlup v. Delo*, 513 U.S. 298, 320 (1995).

The court afforded Blackmon an opportunity to demonstrate the existence of cause for his failure to raise his claim in the state courts properly and prejudice resulting from this failure.  In an effort to meet his burden of establishing cause and prejudice or a miscarriage of justice, Blackmon alleges that counsel was ineffective.  He also states that this court should address his claims on the merits in order to avoid a fundamental miscarriage of justice because he is actually innocent of reckless murder.   (Doc. No. 12.)

Blackmon argues that the cause and prejudice exception should apply because trial counsel failed to challenge the sufficiency of the factual basis underlying his guilty plea.[4] In order to demonstrate cause and prejudice  based on a claim of ineffective assistance, a

---

[4]Blackmon alleges that if "trial counsel challenged the sufficiency of the evidence on appeal the outcome of his appeal may have been different." (Doc. No. 12 at pg. 9.)  To the extent this argument is made in reference to a direct appeal it is without merit as Blackmon did not file a direct appeal of his conviction.

petitioner must show that counsel's performance was "so ineffective as to violate the Federal Constitution." *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). In other words, a petitioner seeking to show ineffective assistance as the cause of a default must prove that his counsel was ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 684 (1984). If Blackmon cannot prevail on a separate ineffective assistance of counsel claim, then he cannot prevail on an argument that ineffective assistance caused the procedural default. *Id*.

It is clear, for the reasons discussed, *infra*, that Blackmon cannot show that trial counsel was ineffective for failing to challenged the sufficiency of the factual basis on which his decision to plead guilty was based.    Therefore, Blackmon's failure to present his sufficiency claim properly in the state courts cannot be excused, and the procedural default applies.

Even though Blackmon has failed to establish cause for his default,  the court may still reach the merits of his defaulted claim in order to prevent a fundamental miscarriage of justice.  Here, Blackmon  maintains that he is actually innocent because reports made and prepared by the State Medical Examiner and/or the Alabama Department of Forensic Sciences prior to entry of his guilty plea indicated that it could not be determined whether

14

the bullet removed from the victim was the same bullet from Blackmon's SKS rifle.[5] (Doc. No. 12.)

The miscarriage of justice standard is directly linked to innocence. *Schlup*, 513 U.S. at 321. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id*. at 327 (*citing Murray v. Carrier*, 477 U.S. 478, 496 1986)). "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable [trier of fact] would have convicted him.'" *Bousley  v. United States,* 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Id.* at 623-624 (*citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

---

[5]The victim in this case was killed in a spray of gunfire and Blackmon was one of the individuals who shot at the victim with an assault rifle. (*See* Doc. No. 6, Exh. A at pgs. 27-29; Doc. No. 13 at pgs. 7-9 of 19.)

*Id*. at 324.

Blackmon presents only his self-serving, conclusory allegation that his actions did not constitute commission of the offense to which he pled guilty.  Blackmon has submitted no "new reliable evidence" to support his assertion of innocence nor has he suggested that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*.  Thus, his procedurally defaulted claim is foreclosed from federal habeas review.

**F.  Actual Innocence**

In their supplemental answer, Respondents argue that Blackmon's claims presented in his amended petition that his guilty plea was involuntary and trial counsel was ineffective for failing to object to prosecutorial misconduct are barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).  Blackmon also argues in his amended petition that he is actually innocent.

In light of the court's determination, *infra*, that  Blackmon has not made a showing of actual innocence, the claims presented in his amended petition for writ of habeas corpus are properly analyzed under 28 U.S.C. § 2244(d)(1)(A); *see also  Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

### G. Statute of Limitations

Respondents argue that Blackmon's claims that his guilty plea was involuntary because it was not knowingly and intelligently entered and that trial counsel was ineffective for failing to object to prosecutorial misconduct[6] are barred from review by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. To the extent Blackmon alleges that counsel was ineffective for failing to provide him with a copy of the firearm examination report from the Alabama Department of Forensic Sciences and/or for failing to investigate this report, such claim is also time-barred. *See* 28 U.S.C. § 2244(d)(1).[7] *See Jackson v.*

---

[6]To the extent this allegation of ineffectiveness is simply a re-packaging of Blackmon's original ineffective assistance of counsel claim, the claim does not entitle Blackmon to habeas relief for the reasons stated herein.

[7]This section provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

©    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

(continued...)

*Sec'y for Dep't of Corrs.,* 292 F.3d 1347, 1349 (11th Cir.2002) ("court may review *sua sponte* the timeliness of a § 2254 petition.").

Because Blackmon's conviction became final on March 21, 2002  -- **after** the effective date of the statute of limitations  – Respondents argue that any amendment to his § 2254 petition should have been filed within a year after the finality of his conviction, exclusive of the pendency in state court of any properly filed  post-conviction petition. The claims presented in the amended petition do not "relate back" to Blackmon's timely filed claims because they do not arise out of the same set of facts and, instead,  arise from conduct and occurrences which are distinct in character and  time.  *See* Fed.R.Civ.P.  Rule 15(c)(2) ("[a]n amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.").[8]

---

(...continued)
    counted toward any period of limitation under this subsection.


   [8]  S*ee generally Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir. 2002) ("for an untimely § 2255 claim to 'relate back' under Rule 15(c), the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings," . . . and must "arise[] from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence, in "both time and type.") (citations omitted);  *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (same); *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (same); *United States v. Duffus,* 174 F.3d 333, 337 (3[rd]  Cir. 1999) (same); *United States v. Craycraft,* 167 F.3d 451, 457 (8[th]  Cir. 1999) (same).  *See also Davis v. United States,* 417 U.S. 333, 344 (1974) ("[T]here can be no doubt that the grounds for relief under § 2255 are equivalent to those encompassed by § 2254, the general federal *habeas corpus* statute.")  The 1996 amendments to the habeas corpus statutes added a one-year period  of limitation to both § 2254 and § 2255. *See* 28 U.S.C. 2244(d)(1) and 28 U.S.C. § 2255. Thus, with regard at least to the timeliness of motions for leave to amend, the two statutes remain equivalent and this Circuit's application

(continued...)

A one-year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court.   28 U.S.C. § 2244(d)(1).  Respondents maintain that the claims raised in Blackmon's amended habeas petition are time-barred because they were not filed within the one-year "grace  period" allowed under applicable case law and do not relate back to the claims raised in his original petition.   Because Blackmon's conviction became final after the effective date of the statute of limitations and because the claims in the amended petition do not relate back to the claims raised in the original petition, Blackmon must have filed the amendment to his  § 2254 petition within a year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.

Blackmon filed his first Rule 32 petition on March 21, 2003.  Those proceedings became final on March 12, 2004  when the Alabama Supreme Court denied his petition for writ of certiorari following the Alabama Court of Criminal Appeals's  affirmance of the lower court's decision to deny his post-conviction petition. Blackmon filed a second Rule 32 petition with the trial court on June 30, 2004.  The Alabama Court of Criminal Appeals affirmed the trial court's denial of the petition on April 22, 2005. This petition, however, did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was, therefore, not pending as required by the provisions of 28 U.S.C. §

---

[8](...continued)
of Fed.R.Civ.P. 15(c) to § 2255 petitions is persuasive, therefore,  in the § 2254 context as well.

2244(d)(2) for purposes of tolling the requisite time period. *See also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Pursuant to 28 U.S.C. § 2244(d)(1)(A), the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgments expires. Blackmon entered a guilty plea to reckless murder on February 7, 2002 and was sentenced on this date. He did not file a direct appeal of his conviction or sentence. Since Blackmon failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his convictions. By operation of law, Blackmon's conviction became final on March 21, 2002   - forty-two days after sentence was imposed -  because this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.   Consequently, the one-year limitation period in section 2244(d)(1)(A) began to run on this date.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2).   The court finds that the limitation period ran for 365 days after Blackmon's conviction became final until the filing of his Rule 32 petition in the trial court on March 21, 2003.

This petition remained pending in the state courts until March 12, 2004 upon issuance of the certificate of judgment by the Alabama Supreme Court denying Blackmon's petition for writ of certiorari. (Doc. No. 6, Exhs. A-F.)   When Blackmon filed his second Rule 32

petition on June 30, 2004 there was no time remaining to be tolled. The limitation period expired, therefore, before Blackmon filed his amended application for federal habeas relief on December 27, 2005. S*ee Tinker*, 255 F.3d at 1333, 1335. n.4 ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Because the claims raised in the amended petition regarding the voluntariness of Blackmon's guilty plea and trial counsel's ineffectiveness do not "relate back" to the claims presented in the original petition, *see Pruitt v. United States*, 274 F.3d 1315, 1319-20 (11th Cir. 2001), they are time-barred. [9]

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute when "extraordinary circumstances" are present. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Blackmon responded to Respondents' limitations argument in his response filed February 23, 2006. (Doc. No. 24.) To the extent Blackmon alleges ineffective assistance of trial counsel for failing to provide him with a

---

[9]Even if Blackmon's claims may properly be found to relate back to the claims raised in his original petition and thus, timely for purposes of federal habeas review, they are procedurally defaulted. Although Blackmon raised the claims presented in his supplemental habeas petition in his second Rule 32 petition,Respondents maintain that these claims were not presented properly in accordance with the State's procedural rules. Specifically, the Alabama Court of Criminal Appeals found the claims precluded from review. (Doc. No. 19, Exh. A.)   *See Teague v. Lane*, 489 U.S. 288 (1989); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir. 2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *see also O'Sullivan v. Boerckel*, 526 U. S. 838, 844-45 (1999); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997). Blackmon has demonstrated neither cause for his failure to present the defaulted claims to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. (*See* Doc. 24.) Nor has Blackmon made the requisite showing of actual innocence for the reasons discussed herein. He has presented no evidence nor suggested that any exists which could satisfy the standard set forth in *Schlup*. Consequently, Petitioner's procedurally defaulted claims are foreclosed from federal habeas review.

copy of the Department of Forensic Science firearm/ballistic report at the time of his guilty

plea as a basis for equitable tolling of the federal limitation period, he is entitled to no relief

because the actions of counsel during proceedings before the trial court fail to establish any

impediment to the filing of a timely habeas petition by Blackmon in this court. *See Fahy v.*

*Horn*, 240 F.3d 239, 244 (3rd Cir.), *cert. denied*, 534 U.S. 944, 122 S.Ct. 323 (2001).

The record in this case establishes that Blackmon participated in the state court

proceedings, including the guilty plea colloquy, from which his habeas claims arise.  He,

therefore, had either actual or constructive knowledge of the factual basis for each of the

claims presented to this court challenging the constitutionality of his conviction and could

have presented such claims to this court in a timely filed § 2254 petition regardless of any

actions undertaken by trial counsel.[10]

After an exhaustive review of the pleadings and documents filed by Blackmon, the

court finds that he fails to reveal any circumstances which warrant equitable tolling of the

limitation period.  While "[e]quitable tolling can be applied to prevent the application of

AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent

an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of*

*Corr.,* 259 F.3d 1310, 1312 (11th Cir.2001), *Jones v. United States,* 304 F.3d 1035, 1039-40

(11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002),

---

[10]Clearly, Blackmon knew that he was not the only person at the scene of the crime who was both shooting a gun and being shot at.  Further, Blackmon admitted during his guilty plea proceedings that he shot the victim.  (Doc. No. 6, Exh. A at pg. 32.)   Blackmon's guilty plea to reckless murder supports his conviction whether or not the bullet from his gun was the fatal bullet.

"[t]he burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

Blackmon did not exercise the level of diligence required to show the "rare and exceptional circumstances" that qualify a petitioner for equitable tolling. *See Lawrence v Florida,* 421 F.3d 1221, 1226 (11th Cir. 2005). He presents no circumstances which occurred immediately before or during the grace period that prevented his timely filing of his amended petition. *See Fisher*, 174 F.3d at 715 ("[E]quity is not intended for those who sleep on their rights.") (citation omitted). Thus, the claims raised in Blackmon's amended petition are properly subject to the one-year period of limitation mandated by federal law.

To the extent Blackmon makes the argument that his claims challenge the jurisdiction of the trial court and are, therefore, not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A), this assertion is without merit. Neither the habeas statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law. Moreover, no government impediment existed to the presentation of Blackmon's claims nor are his claims based on a newly recognized constitutional right. The record also establishes that the factual predicates of the claims were available to Blackmon at the time he entered his guilty plea. His allegations challenging the trial court's jurisdiction, therefore, fail to meet the exceptions for determining finality of judgment as set forth in 28 U.S.C. § 2244(d)(1)(B), (C) and (D).

In sum, the court finds no basis upon which to extend the one-year deadline, and Blackmon has not demonstrated that the claims presented in the amended petition should

otherwise be subject to equitable tolling.  *See Sandvik*, 177 F.3d at 1271 (tolling is appropriate where "extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence" exist).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Roderick Blackmon be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before  **1 June 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of May 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE